**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

---

VALERIE DICKS, on behalf of herself and
all others similarly situated,

                    Plaintiffs,

v.

COOKS JUNCTION, INC., a California
Corporation,

C

                   *Defendants*.

:    Case No. 1:22-cv-6495-LJL

---

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    I.     THERE IS NO PERSONAL JURISDICTION OVER COOKS'
        JUNCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        A.    Legal Standard. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        B.    Cooks' Junction Does Not "Transact Business" In New York. . . . 5

              1.    A Website That Is Accessible To New York Residents Is Not
                    Transacting Business In New York. . . . . . . . . . . . . . . . . . . . 6

              2.    Viewing A Website By A New York Resident Is Not
                    "Transacting Business" In New York. . . . . . . . . . . . . . . . . 8

              3.    Plaintiff's Claim Does Not Arise From Defendant
                    Transacting Business. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        C.    Due Process Precludes the Exercise of Personal Jurisdiction over
             Defendant. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    II.    VENUE IS IMPROPER IN THE SOUTHERN DISTRICT OF NEW
        YORK . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

        A.    Defendant Does Not Reside In The Southern District Of New
             York. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

        B.    Plaintiff Cannot Establish Venue Under § 1391(b)(2). . . . . . . . . 16

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

# TABLE OF AUTHORITIES

*Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, 2018 U.S. Dist. LEXIS 72282, at *4 (S.D.N.Y. Apr. 30, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1209 (9th Cir. 2020) . . . . . . . . . . . 14

*Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 250 (2nd Cir. 2007) . . . . . . . . . . . . . . 1, 6

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). . . . . . . . . . . . . . . . . . . 12

*Camacho v. Vanderbilt Univ.*, 2019 U.S. Dist. LEXIS 209202, at *6 (S.D.N.Y. Dec. 4, 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2nd Cir. 2010). . . . . . . 4

*Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 565 (S.D.N.Y. 2000) . . . . . . 6

*Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3rd Cir. 1994) . . . . . 17

*Diaz v. Kroger Co.*, 2019 U.S. Dist. LEXIS 93177 at *17 (S.D.N.Y. June 4, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2nd Cir. 2005) . . . . . . . . . . . . . . . 16

*Hanson v. Denckla*, 357 U.S. 235, 253 (1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Helicopteros Nacionales De Columbia v. Hall*, 466 U.S. 408, 410-411 (1983). . . . . 11

*In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) . . . 4

*International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) . . . . . . . . . . . . . . . 11

*ISI Brands, Inc. v. KCC Int'l, Inc.*, 458 F. Supp. 2d 81, 87-88 (E.D.N.Y. 2006) . . . . . 8

*Jash Raj Films (USA) Inc. v. Dishant.com LLC*, 2009 U.S. Dist. LEXIS 116431 at *6 (E.D.N.Y. Dec. 15, 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Johnson v. TheHuffingtonpost.com, Inc.*, 21 F.4th 314, 325 (5th Cir. 2021) . . . . . . . . 8

*Katz v. Wanderstay Hotels*, No. 19 CV 3615 (RRM)(LB), 2021 U.S. Dist. LEXIS 42061, at \*8 (E.D.N.Y. Mar. 4, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Knuttel v. Omaze, Inc.*, No. 21-cv-02726-JST, 2021 U.S. Dist. LEXIS 250641, at \*7 (N.D. Cal. Nov. 16, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2nd Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1231 (9th Cir. 2011) . . . . . 15

*Mercer v. 764 Dover Leipsic LLC*, No. 21-CV-603 (GBD) (JLC)) 2021 U.S.Dist.LEXIS 222153, at \*3-4 (S.D.N.Y. Nov. 15, 2021) . . . . . . . . . . . . . . . . . . . . 9

*Mercer v. Rampart Hotel Ventures, LLC*, 2020 U.S. Dist. LEXIS 31163, at \*5 (S.D.N.Y. Feb. 24, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9, 10

*Mercer v. Rampart Hotel Ventures, LLC*, No. 19-CV-3551, 2020 U.S. Dist. LEXIS 7313, at \*5 (S.D.N.Y. Jan. 16, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Pearson Educ., Inc. v. Yi Shi*, 525 F. Supp. 2d 551, 556 (S.D.N.Y. 2007) . . . . . . . . . 7

*Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010) . . . . . . . 4

*Perrone v. Catamount Ski Resort, LLC*, No. 19-CV-8054 (KMK), 2020 U.S. Dist. LEXIS 88333, at \*17 (S.D.N.Y. May 19, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Porina v. Marward Shipping Co.*, 521 F.3d 122, 126 (2d Cir. 2008) . . . . . . . . . . . . . 4

*Poschmann v. Ponte Vedra Corp.*, No. 18-14321-CV, 2018 U.S. Dist. LEXIS 217469 (S.D. Fla. Dec. 27, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19

*Slobig v. Gannuscia*, No. 16-CV-3783, 2018 U.S. Dist. LEXIS 40061 at \*3 (S.D.N.Y. Mar. 9, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Starmedia Network, Inc. v. Star Media, Inc.*, 00 Civ. 4647, 2001 U.S. Dist. LEXIS 4870, at \*7 (S.D.N.Y. Apr. 23, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

*Walden v. Fiore*, 571 U.S. 277, 284, 134 S. Ct. 1115, 1122 (2014) . . . . . . . . . . 2, 8, 12

*Wilson v. Jord Inc.*, No. 20-CV-1899-LJV-JJM, 2022 U.S. Dist. LEXIS 58849, at \*4 (W.D.N.Y. Mar. 30, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

*Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291–92 (1980) . . . . . . . 11

Defendant Cooks' Junction, Inc. respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction and 12(b)(3) for improper venue.

## PRELIMINARY STATEMENT

Cook's Junction, Inc. is an online retailer of kitchen products available through its website, www.cooksjunction.com.  It also operates a "brick and mortar" store at 261 Main Street Los Altos, California, 94063. It has no New York offices, employees, bank accounts, agent for service of process nor is it registered to do business in New York.  It does not direct advertising at New York residents and has no presence at all in New York.  Less than 6% of its sales come unsolicited from purchasers with New York addresses.  Valerie Dicks claims to be blind and while viewing the website from her apparent residence in New York, believed that unspecified aspects of the Website were incompatible with her screen reader software ("SRS").  However, this Court lacks personal jurisdiction over Cooks' Junction.

*First*, the maintenance of a website that is equally accessible to New York residents and anyone anywhere in the world who has an internet connection is not sufficient on its own to establish personal jurisdiction over a defendant.  "[I]t is now well established that one does not subject himself to the jurisdiction of the courts in another state simply because he maintains a web site which residents of that state visit."  *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 250 (2ⁿᵈ Cir. 2007), quoting

*Starmedia Network, Inc. v. Star Media, Inc.*, 00 Civ. 4647, 2001 U.S. Dist. LEXIS 4870, at *7 (S.D.N.Y. Apr. 23, 2001). The mere fact that the *plaintiff* went to the Website cannot create jurisdiction either, which must instead be based on the *defendant's* contacts with the forum. *Walden v. Fiore*, 571 U.S. 277, 284, 134 S. Ct. 1115, 1122 (2014). Here, Defendant has no contacts with New York.

　　*Second,* even if Plaintiff had made a showing of sufficient interactivity directed towards New York residents, which is denied, her complaint fails to meet the second prong of § 302(a)(1). Plaintiff fails to allege that Cooks' Junction engaged in a "transaction" with her in the way that the term is typically understood, but rather, Plaintiff states that she visited Cooks' Junction's website and witnessed the purported ADA violation. Courts in this Circuit have repeatedly held that a New York resident viewing the website of an out-of-state defendant, absent more, is not enough to establish personal jurisdiction over the defendant. *See Mercer v. Rampart Hotel Ventures, LLC*, No. 19-CV-3551, 2020 U.S. Dist. LEXIS 7313, at *5 (S.D.N.Y. Jan. 16, 2020) (holding that the Court did not have personal jurisdiction over a Louisiana hotel that plaintiff alleged maintained a reservation website that was not compliant with the ADA) (Report and Recommendation) *adopted by* 2020 U.S. Dist. LEXIS 31163, 2020 WL 88207 (S.D.N.Y. Feb. 24, 2020).

　　Since Defendant's only connection with New York is that Plaintiff went to Defendant's website and there is no transaction out of which the claim arises (such as

the sale of a defective product to the plaintiff, for example), there is no personal

jurisdiction over Cooks' Junction and the complaint should be dismissed without leave

to amend.

## FACTUAL BACKGROUND

Plaintiff Valerie Dicks claims to be "legally blind," and requires SRS to read

website content using her computer.  FAC, ¶ 2.  She alleges that she visited the

Website and found that she was unable to get information regarding products

available. FAC, ¶ 6.  Plaintiff was therefore unable to transact business because the

Website was allegedly not compliant with the current ADA accessibility standards.

Cooks' Junction operates www.cooksjunction.com. FAC, ¶ 4.  Cooks'

Junction's office is located at 261 Main Street, Los Altos, California, 94063.

Declaration of Katherine Janes, ¶ 4 FAC, ¶ 16.  Cooks' Junction has no physical

presence in New York.  Janes Decl., ¶¶ 6-13.[1]  Contrary to the allegation in the FAC,

Cooks' Junction is *not* registered to do business in New York.  Janes Decl., ¶ 5.  A

copy of a search from the New York Secretary of State attached to the Janes Decl. As

Exhibit 2 shows no listing for Cooks' Junction.  Cooks' Junction also does not target

New York residents in any way.  Janes Decl., ¶ 12.  In fact, Cooks' Junction's only

---

[1]  Dicks erroneously alleges that "Defendant also has its products for sale at
several third-party brick and mortar department store locations throughout this
district." FAC, ¶ 16.  That is simply false.  Defendant does not sell its products
through any retail store locations other than its own in Los Altos, California.
Janes Decl., ¶ 6.

connection with New York is that a person with an internet connection can access its website from all 50 states or indeed, anywhere in the world.  Janes Decl., ¶¶ 6-13.

## ARGUMENT

## I.

## <u>THERE IS NO PERSONAL JURISDICTION OVER COOKS' JUNCTION</u>

A.    <u>Legal Standard.</u>

"In order to survive a motion to dismiss for lack of personal jurisdiction, the plaintiff[] must make a prima facie showing that jurisdiction exists." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2nd Cir. 2012) (alterations omitted) (quoting *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010)). "This prima facie showing 'must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant.'" *Id.* (quoting *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2nd Cir. 2010)). In resolving a motion to dismiss for lack of personal jurisdiction, a court "construe[s] the pleadings and affidavits in the light most favorable to [the] plaintiff[], resolving all doubts in [its] favor." *Chloé*, 616 F.3d at 163 (quoting *Porina v. Marward Shipping Co.*, 521 F.3d 122, 126 (2d Cir. 2008)). But a court "will not draw argumentative inferences in the plaintiff's favor, nor must [it] accept as true a legal conclusion couched as a factual allegation.*" In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (citations and internal quotation marks omitted). *See*

*Wilson v. Jord Inc.*, No. 20-CV-1899-LJV-JJM, 2022 U.S. Dist. LEXIS 58849, at *4 (W.D.N.Y. Mar. 30, 2022).

B.   Cooks' Junction Does Not "Transact Business" In New York.

According to the complaint, Cooks' Junction "is a California corporation with its principal place of business [in] Los Altos, California." FAC, ¶ 16.  To determine whether personal jurisdiction exists over an out-of-state defendant such as Cooks' Junction, a court first "look[s] to the law of the forum state to determine whether personal jurisdiction will lie." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d at 168. "If jurisdiction lies" under the state law, the court next considers "whether the . . . exercise of personal jurisdiction over a foreign defendant comports with due process protections established under the United States Constitution." *Id.*

Dicks contends that this Court has personal jurisdiction over Cooks' Junction under N.Y. C.P.L.R. § 302(a)(1). That statute provides that a court "may exercise personal jurisdiction over any non-domiciliary[] . . . who in person or through an agent[] transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). "So, in determining whether personal jurisdiction may be exercised under section 302(a)(1), 'a court must decide (1) whether the defendant transacts any business in New York <u>and</u>, if so, (2) whether this cause of action arises from such a business transaction.'" *Licci*, 673 F.3d at 60.

"[T]he overriding criterion necessary to establish a transaction of business is some act by which the *defendant* purposefully avails itself of the privilege of conducting activities within New York, thereby invoking the benefits and protections of its laws." *Id.* at 61 (emphasis added). The connection between the transaction and the cause of action must be more than "merely coincidental." *See Best Van Lines*, 490 F.3d at 246-47, 249. "If the defendant is transacting business in New York, the second half of the section 302(a)(1) inquiry asks whether the cause of action 'arises from' that business transaction or transactions." *Best Van Lines*, 490 F.3d at 249 (alterations and citation omitted).

1.    **A Website That Is Accessible To New York Residents Is Not Transacting Business In New York.**

"The maintenance of a website accessible to New York residents is not sufficient on its own to establish personal jurisdiction over a defendant." *See Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 565 (S.D.N.Y. 2000). *Best Van Lines, Inc. v. Walker*, 490 F.3d at 250, quoting *Starmedia Network, Inc. v. Star Media, Inc.*, 2001 U.S. Dist. LEXIS 4870, at *7 ("[I]t is now well established that one does not subject himself to the jurisdiction of the courts in another state simply because he maintains a web site which residents of that state visit.").

The sum total of Dicks' allegations regarding Cooks' Junction's commercial activity in New York is that "Defendant controls and operates Cooksjunction.com in

New York State and throughout the United States."[2] FAC, ¶ 23. "But that sort of 'conclusory allegation that [the] [d]efendant used its nationally-available website to solicit [customers] in New York' is 'not sufficient to establish personal jurisdiction' under the New York long-arm statute." *Wilson v. Jord Inc.*, No. 20-CV-1899-LJV-JJM, 2022 U.S. Dist. LEXIS 58849, at *7-9 (W.D.N.Y. Mar. 30, 2022), citing *Camacho v. Vanderbilt Univ.*, 2019 U.S. Dist. LEXIS 209202, at *6 (S.D.N.Y. Dec. 4, 2019); *see also Mercer v. Rampart Hotel Ventures, LLC*, 2020 U.S. Dist. LEXIS 31163, at *5 (S.D.N.Y. Feb. 24, 2020) (same); *Pearson Educ., Inc. v. Yi Shi*, 525 F. Supp. 2d 551, 556 (S.D.N.Y. 2007) ("Simply maintaining a web site in a distant state that residents of New York visit does not, by itself, subject a defendant to jurisdiction in New York.") "[W]ithout non-conclusory allegations that Jord did more than simply maintain a commercial website accessible to New York residents, this Court agrees with Jord that Wilson has failed to demonstrate personal jurisdiction here. *Wilson v. Jord Inc.*, 2022 U.S. Dist. LEXIS 58849, at *7-9 (W.D.N.Y. Mar. 30, 2022). *See Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, 2018 U.S. Dist. LEXIS 72282, at *4 (S.D.N.Y. Apr. 30, 2018) ("Even the existence of an interactive 'patently commercial' website that can be accessed by New York residents is not sufficient to justify the exercise of personal jurisdiction unless some degree of commercial activity

---

[2] As discussed in the Janes Declaration, Plaintiff's claims that Cooks' Junction sells its products through retailers in New York and is registered to do business in New York are both false.

occurred in New York." (quoting *ISI Brands, Inc. v. KCC Int'l, Inc.*, 458 F. Supp. 2d 81, 87-88 (E.D.N.Y. 2006)).

In this case, no commercial activity occurred in New York.  In fact, the only contacts with New York in this case were *Plaintiff's* contacts with Cooks' Junction's website.  But in determining whether personal jurisdiction exists, the Court must examine the contacts of the *defendant*, not the plaintiff.  "[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Walden v. Fiore*, 571 U.S. at 284.  "The plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.*  "That's why clicks, visits, and views from forum residents cannot alone show purposeful availment. They are not evidence that 'the defendant has formed a contact with the forum state.'" *Johnson v. TheHuffingtonpost.com, Inc.*, 21 F.4th 314, 325 (5th Cir. 2021).  "If it could, our jurisdiction would have no limit; 'a plaintiff could sue everywhere.' *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014).

   2.    **Viewing A Website By A New York Resident Is Not "Transacting Business" In New York.**

Plaintiff does not argue that Cooks' Junction engaged in a "transaction" with her as that term is normally understood. Nor could she given that she merely visited Cooks' Junction's website, witnessed an alleged ADA violation, and allegedly incurred harm therefrom. "Under New York case law, this interaction could not constitute an 'act by which the defendant purposefully avails itself of the privilege of conducting activities within New York' — a sine qua non of the analysis of whether a transaction has occurred." *Mercer v. Rampart Hotel Ventures, LLC,* 2020 U.S.Dist.LEXIS 7313, at *7-8 (S.D.N.Y. Jan. 16, 2020)(finding that hotel's website, which was not alleged to "target or have any special connection to New York," was insufficient to support jurisdiction under New York's long arm statute), *adopted by* 2020 U.S. Dist. LEXIS 31163 (Feb. 24, 2020)). *See also*, *Mercer v. 764 Dover Leipsic LLC*, No. 21-CV-603 (GBD) (JLC)) 2021 U.S.Dist.LEXIS 222153, at *3-4 (S.D.N.Y. Nov. 15, 2021).

In *Katz v. Wanderstay Hotels*, No. 19 CV 3615 (RRM)(LB), 2021 U.S. Dist. LEXIS 42061, at *8 (E.D.N.Y. Mar. 4, 2021), the Court held:

> Plaintiff fails to allege that defendant engaged in a "transaction" with him in the way that the term is typically understood, but rather, plaintiff states that he visited Wanderstay's website and witnessed the ADA violation. Courts in this Circuit have held that a New York resident viewing the website of an out-of-state defendant, absent more, is not enough to establish personal jurisdiction over the defendant.

*Id.* at 8.

Here, as in *Katz, Mercer* and *Jord*, among others, Plaintiff has merely allegedly that she went to Defendant's website unsolicited, viewed purported ADA violations – which is denied – and sued.  Defendant did nothing to solicit Plaintiff or any other New York resident, did not advertise targeting New York residents, and indeed, is guilty of nothing more than operating a website accessible from anywhere.

3.    **Plaintiff's Claim Does Not Arise From Defendant Transacting Business.**

Plaintiff fails to meet the first prong of § 302(a)(2) – that Cooks' Junction transacted business in New York.  But even so, Plaintiff cannot show that her claim arises out of that business.  Clearly, Cooks' Junction has filled some orders of New York residents.  If Plaintiff had purchased a defective product from Defendant's website and that caused injury, that might be sufficient since the claim arises out of the shipping of defective goods to New York.  But that is far from the case here.

In this case, Plaintiff merely claims that she went to Defendant's website, saw an alleged ADA violation and sued.  That claim does not "arise from" Cooks' Junction transacting business *in New York*.  In concluding that the plaintiff failed to meet the "arising from" prong, the *Mercer* court explained that "the harm caused by defendant's alleged failure to maintain a proper website is not 'connected' to the defendant's transactions with other New Yorkers. *Mercer v. Rampart Hotel Ventures, LLC*, 2020 U.S. Dist. LEXIS 7313, *5. Certainly, as here, plaintiff has alleged that other New

York residents are engaging in transactions with the defendant via the exact same website about which plaintiff complains. "But the defendant's transactions with other New York residents through that website did not cause plaintiff harm and plaintiff's specific claim in this case does not arise out of those transactions." *Id.*  Accordingly, Plaintiff has not met the second prong of § 302(a)(2).

C.   <u>Due Process Precludes the Exercise of Personal Jurisdiction over Defendant</u>

Finally, even if there was personal jurisdiction over Defendant under CPLR § 302, this Court should not exercise personal jurisdiction because that would be contrary to the Due Process clause of the U.S. Constitution. Due Process requires "minimum contacts" between the nonresident defendant and the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291–92 (1980) (internal quotations omitted). *See also International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) ("Personal jurisdiction over a nonresident defendant is proper only if the defendant has certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"); *Helicopteros Nacionales De Columbia v. Hall*, 466 U.S. 408, 410-411 (1983) (same).

Sufficient contacts exist when "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there."

*World–Wide Volkswagen Corp.*, 444 U.S. at 297. The defendant must have "purposefully availed itself of the privilege of conducting activities within the forum [s]tate," thus invoking the benefits and protections of the state's laws. *Id.*; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Plaintiff alleges the Court has personal jurisdiction over Cooks' Junction because it owns or operates the Website that Plaintiff accessed in New York. The FAC does not allege that Cooks' Junction transacted business in New York with the Plaintiff or engaged in any other activity in New York that could give rise to the exercise of personal jurisdiction under CPLR § 302. Indeed, the allegations show that the purported basis of personal jurisdiction over Cooks' Junction is Plaintiff's unilateral activity of allegedly "visit[ing] the Website" in New York.  However, as discussed above, the contacts of the non-domiciled Defendant determine whether personal jurisdiction exists, not the unilateral acts of the Plaintiff. *International Shoe*, 326 U.S. at 316-17; *see Hanson v. Denckla*, 357 U.S. 235, 253 (1958) ("[U]nilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."). Walden forbids that sort of analysis, which impermissibly "allows a *plaintiff's* contacts with the defendant and forum to drive the jurisdictional analysis." *Walden v. Fiore*, 571 U.S. 285-286 (emphasis added).

-12-

As set forth in the Janes Declaration, Cooks' Junction has no contacts with New York for the purposes of establishing personal jurisdiction and has no presence at all in New York.  It has a website where the Plaintiff (any anyone else in the world) can peruse various cooking supplies and make a payment from anywhere in the United States, including New York, although she admittedly did not do so. However, the ability to conduct commercial activity through a website does not establish minimum contacts with New York sufficient to subject Cooks' Junction to the personal jurisdiction of the State. *See, e.g.*, *Diaz v. Kroger Co.*, 2019 U.S. Dist. LEXIS 93177 at *17 (S.D.N.Y. June 4, 2019) (no specific personal jurisdiction based on a website that did not deliver in New York state because, "the existence of an interactive patently commercial website that can be accessed by New York residents is not sufficient to justify the exercise of personal jurisdiction unless some degree of commercial activity occurred in New York"); *Jash Raj Films (USA) Inc. v. Dishant.com LLC*, 2009 U.S. Dist. LEXIS 116431 at *6 (E.D.N.Y. Dec. 15, 2009) ("Put simply, 'it stretches the meaning of 'transacting business' too far to subject defendants to personal jurisdiction in any state merely for operating a website, however commercial in nature, that is capable of reaching customers in that state'—in the same way it can reach them everywhere else on Planet Earth—'without some evidence or allegation that commercial activity in that state actually occurred or was actively sought.") (quoting *Freeplay Music, Inc. v. Cox Radio, Inc.*, 2005 U.S. Dist. LEXIS 12397, at *7

(S.D.N.Y. June 23, 2005)). It is evident that Defendant lacks minimum contacts in New York in order to be haled into this Court to defend Plaintiff's claims.

## II.

## VENUE IS IMPROPER IN THE SOUTHERN DISTRICT OF NEW YORK

The federal venue statute lays venue in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . ." 28 U.S.C. § 1391(b).  Clearly, Defendant does not reside in the S.D.N.Y. and therefore, venue might be proper if at all, because "substantial part of the events or omissions giving rise to the claim occurred . . ." under § 1391(b)(2).

A.    Defendant Does Not Reside In The Southern District Of New York.

Obviously, Defendant's principal place of business, and its only "brick and mortar" store that it operates and the website it maintains, are located in Los Altos, California in the Northern District of California.  A corporate defendant resides in a district if they have engaged in intentional conduct "expressly aimed" towards a district that caused "harm that the defendant [knew was] likely to be suffered" there. *See AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1209 (9th Cir. 2020) (simplified); *Knuttel v. Omaze, Inc.*, No. 21-cv-02726-JST, 2021 U.S. Dist. LEXIS 250641, at *7 (N.D. Cal. Nov. 16, 2021) citing *AMA Multimedia LLC*.

-14-

*Omaze* is closely on point to this case.  There, the plaintiff contended that "Omaze resides in the Northern District because Omaze expressly aimed its tortious conduct towards this district through its website. But the lone fact underpinning Plaintiffs' express-aiming argument is that Knüttel saw Omaze's online ads while living in the Northern District. That circumstance, standing alone, is not enough to meet Plaintiffs' burden."  *Knuttel v. Omaze, Inc.*, 2021 U.S. Dist. LEXIS 250641, at *7.  However, as the Ninth Circuit has explained, for a defendant's website to show express aiming, the website must "directly target[]" the forum. *AMA Multimedia*, 970 F.3d at 1210. "But there is a difference between conduct that happens to reach a forum and conduct that is aimed towards a forum. As the *AMA* court emphasized, '[n]ot all material placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every [forum] in which it is accessed.'" *AMA Multimedia, LLC v. Wanat*, 970 F.3d at 1211 (quoting *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1231 (9th Cir. 2011)).

In *Omaze*, none of Plaintiffs' factual allegations suggested that Omaze was specifically targeting either plaintiff or the Northern District. "None of Plaintiffs' allegations, for instance, suggest that Omaze's website has a Northern District-specific focus, or even that Omaze markets its website in a way intended to appeal to those who live in the Northern District."  *Omaze*, 2021 U.S. Dist. LEXIS 250641, at *7-9. Thus, "[a]lthough [Omaze] may have foreseen that [its website] would attract a

-15-

substantial number of viewers in the [Northern District], this alone does not support a finding of express aiming." *Id.* quoting *AMA Multimedia*, 970 F.3d at 1210. "Because Plaintiffs do not allege facts that show Omaze expressly aimed its conduct towards the Northern District, Omaze does not reside here. That is fatal to Plaintiffs' venue argument under 28 U.S.C. § 1391(b)(1)." *Id.*

Similarly, other than the fact that the plaintiff allegedly accessed Defendant's website from New York City, there is nothing to connect Defendant with the Southern District of New York *other than* Plaintiff's bare claim that she accessed Defendant's website from New York City and she cannot establish that Defendant is subject to venue in this District.

B.   Plaintiff Cannot Establish Venue Under § 1391(b)(2).

Under 28 U.S.C. § 1391(b)(2), venue is proper in the district where "a substantial part of the events or omissions giving rise to the claim occurred." For venue to be proper under § 1391(b)(2), "significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2nd Cir. 2005). This substantiality inquiry focuses on the "relevant activities of the *defendant*, not of the plaintiff." *Knuttel v. Omaze, Inc.*, 2021 U.S. Dist. LEXIS 250641, at *4-7 (emphasis added) citing *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995). *See also Slobig v. Gannuscia*, No. 16-CV-3783, 2018 U.S. Dist. LEXIS 40061 at *3 (S.D.N.Y.

Mar. 9, 2018) (explaining that "the acts of [the] [d]efendants, not the activities of or harm to [the] [p]laintiff, determine where venue properly lies").

Plaintiff contends that "a substantial portion of the events alleged occurred" in this District because " because "Plaintiff attempted to utilize, on a number of occasions, the subject Website within this Judicial District." FAC, ¶ 11. However, Defendant has no particular connection to the this District other than the mere happenstance that Plaintiff accessed the website from New York City. "[T]hese facts cannot be enough to establish venue, or else venue would be proper in any district in the country." *Omaze, Inc.*, 2021 U.S. Dist. LEXIS 250641, at *4-7.

The *Omaze* court agreed "that venue does not sweep that broadly." Venue is "intended to preserve the element of fairness so that a *defendant* is not haled into a remote district having no real relationship to the dispute." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3rd Cir. 1994). "[B]y referring to 'events or omissions giving rise to the claim' [in 28 U.S.C. § 1391(b)(2)], Congress meant to require courts to focus on relevant activities of the defendant, not of the plaintiff." *Perrone v. Catamount Ski Resort, LLC*, No. 19-CV-8054 (KMK), 2020 U.S. Dist. LEXIS 88333, at *17 (S.D.N.Y. May 19, 2020). Furthermore, "suffering economic harm within a district is not by itself sufficient to warrant transactional venue there." Wright & Miller, *14D Fed. Prac. & Proc. Juris*. § 3806. Otherwise, "venue almost always would be proper at the place of the plaintiff's residence, an option that

-17-

Congress abolished in the general venue statute." *Omaze*, 2021 U.S. Dist. LEXIS 250641, at *4-7.

Applying that standard, the *Omaze* court found that the substantial events underlying Plaintiffs' claims did not occur in the Northern District. Plaintiffs' claims all arise from Omaze's website - the webpages that advertise its hotel rooms and the hotel. At the heart of those claims are Omaze's decisions about website design and what language to use on its website. As Omaze acknowledges, however, all "decision-making concerning Omaze's Website and marketing efforts [was] centralized at Omaze's headquarters in Los Angeles, California" during "all times relevant to this case." *Id.* "Thus, while Knüttel's visit to the Omaze website may have been the 'single triggering event' that ultimately ripened his claims, the 'sequence of events underlying [his and the other Plaintiffs'] claims' all took place in the Central District. *Id.*

Similarly, in this case, Plaintiff's visit to the Cooks' Junction Website may have been the single triggering event that ultimately ripened her claims, but the sequence of events underlying his claims all took place in the Northern District of California. This District did not host a substantial part of the events which gave rise to Plaintiff's claims. As in *Omaze*, there is no basis for laying venue in this District.

In an almost identical fact pattern to this case, the court in *Poschmann v. Ponte Vedra Corp.*, No. 18-14321-CV, 2018 U.S. Dist. LEXIS 217469 (S.D. Fla. Dec. 27,

2018), the Court held that under circumstances identical to those alleged in this

complaint, venue was improper and dismissed the case.

> The question before this Court is whether Plaintiff's act of accessing
> Defendants' websites is a substantial part of the events giving rise to this
> lawsuit, as would be sufficient to confer venue under 28 U.S.C. § 1391.
> In *Jenkins Brick Company v. Bremer*, the Eleventh Circuit discussed how
> courts should interpret the "substantial part of the events or omission
> giving rise to the claim" portion of the venue statute. 321 F.3d 1366 (11th
> Cir. 2003). The Eleventh Circuit stated that, for purposes of venue, the
> only relevant events are those that "directly give rise to a claim." Id.
> at1371.  To give more meaning to that phrase, the Eleventh Circuit
> approved of and discussed the Eighth Circuit's decision in *Woodke v.*
> *Dahm*, 70 F.3d 983 (8th Cir. 1995). *Jenkins Brick Co.*, 321 F.3d at
> 1371-72. The Eleventh Circuit explained that: . . . the [venue] statute
> protects defendants, and Congress therefore 'meant to require courts to
> focus on relevant activities of the defendant, not of the plaintiff.'"

*Id.*  Thus, in *Porschmann*, the Court further held that "Plaintiff does not make any

claims that Defendants did anything in the Southern District of Florida, other than

owned and operated a website that could be accessed there." *Poschmann v. Ponte*

*Vedra Corp.*, 2018 U.S. Dist. LEXIS 217469, at *6-7(emphasis added).

> Particularly germane to this case:
>
> If Plaintiff were right that the simple act of accessing Defendants'
> websites is sufficient to confer venue, Plaintiff would be able to establish
> venue in his home district over any hotel in the country that maintains a
> website that can be accessed by Plaintiff and that violates these
> regulations under the ADA. Such a rule would drastically widen the
> scope of the current venue statute, and I do not adopt an interpretation of
> that statute that would produce such far-reaching results.

*Id.*  Accordingly, even if this Court had personal jurisdiction, the complaint should be

dismissed for improper venue.

-19-

## CONCLUSION

For the foregoing reasons, Defendant Cooks' Junction respectfully request that this Court dismiss the Complaint for lack of personal jurisdiction without leave to amend.

Dated:  January 4, 2023                    Respectfully submitted,

*/s/* Michael F. Fleming
Michael F. Fleming, Esq.
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
(212) 309-6207
michael.fleming@morganlewis.com

s/*Philip H. Stillman*
Philip H. Stillman, Esq., *pro hac vice to be filed*
Stillman & Associates
3015 North Bay Road, Suite B
Miami Beach, FL 33140
pstillman@stillmanassociates.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January, 2023, a true and correct copy of the foregoing Motion to Dismiss, Memorandum of Law In Support Of Defendants' Motion to Dismiss and the Declaration of Katherine Janes was served via the Court's ECF filing system upon all counsel of record.


s/ *Philip H. Stillman*
Philip H. Stillman