**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

VALERIE DICKS, on behalf of himself and
all others similarly situated,

                 Plaintiffs,

     v.

COOKS JUNCTION, INC.,

               Defendant.

CASE NO.: 1:22-CV-6495-LJL


**PLAINTIFF'S MEMORANDUM OF**
**LAW IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**

## <u>TABLE OF CONTENTS</u>

<u>**Pages**</u>

I.    PRELIMINARY STATEMENT……………………………………………1

II.   STATEMENT OF FACTS…………………………………………………..2

III.  LEGAL STANDARD…..…………………………………………………2

IV.   ARGUMENT……………………………………………………………… 3

   A. THIS COURT HAS THE REQUISITE PERSONAL JURISDICTION
      OVER DEFENDANT………………………………………...…….…… 3

      1.  Defendant "Transacts Business" with New York Residents….……......3

      2.  Plaintiff's Claim Arises from Defendant's Transaction
          of Business in New York…..………………………………….…......6

      3.  Personal Jurisdiction Over Defendant Comports with Due Process…...8

      4.  If the Court Is Not Inclined to Exercise Personal Jurisdiction,
          It Should Permit Limited Jurisdictional Discovery into
          Defendant's New York Contacts to Avoid Undue Prejudice………….9

   B. VENUE IN THE SOUTHERN DISTRICT OF NEW YORK IS PROPER….10

V.   CONCLUSION……………………………………...……..……………………12

## TABLE OF AUTHORITIES

**Pages**

**Cases**

ACCESS NOW, INC. V. OTTER PRODS., LLC,
280 F. SUPP. 3D 287 (D. MASS. 2017)……………...…..…………………………… 12

ALCON LABS., INC. V. ALLIED VISION GRP., INC.,
2018 U.S. DIST. LEXIS 219632 (E.D.N.Y. DEC. 22, 2018) ………………….………3

BEST VAN LINES, INC. V. WALKER,
490 F.3D 239 (2D CIR. 2007) ………………………………………………………4

CARROLL V. FEDFINANCIAL FED. CREDIT UNION,
324 F. SUPP. 3D 658 (E.D. VA. 2018) …………...............………………………..11

CARTIER V. MICHA, INC.,
2007 U.S. DIST. LEXIS 29785 (S.D.N.Y. APR. 20, 2007)…………………………3

DETROIT COFFEE CO., LLC V. SOUP FOR YOU, LLC,
2018 U.S. DIST. LEXIS 26170 (S.D.N.Y. FEB. 16, 2018)……………………………3

DUNCAN V. SKIN BAR N.Y. CITY,
2021 U.S. DIST. LEXIS 97827 (S.D.N.Y. MAY 18, 2021 ……….………………..11

DORCHESTER FIN. SEC., INC. V. BANCO BRJ, S.A.
722 F.3D 81 (2D CIR. 2013)……………………….…………………………….2

FAZE CLAN, INC. V. TENNEY,
2019 U.S. DIST. LEXIS 189617 (S.D.N.Y. OCT. 31, 2019) ……….………………2

GOLISANO V. TUREK,
2015 U.S. DIST. LEXIS 11787 (W.D.N.Y. FEB. 2, 2015)……………………………9

GUGLIELMO V. JEGS AUTO., INC.,
2021 U.S. DIST. LEXIS 50347 (S.D.N.Y. MAR. 17, 2021) ……………… 4, 6, 8, 9, 10

GULF INS. CO. V. GLASBRENNER,
417 F.3D 353 (2D CIR. 2005) ………………………….…………………..…3

iii

*IKEDA V. J SISTERS 57, INC.,*
2015 U.S. DIST. LEXIS 87783 (S.D.N.Y. JULY 6, 2015)……………………………..9

*JENNY YOO COLLECTION, INC. V. WATTERS DESIGN INC.,*
2017 U.S. DIST. LEXIS 175399 (S.D.N.Y. OCT. 20, 2017) …………………………3

*KNUTTEL V. OMAZE, INC.,*
2021 U.S. DIST. LEXIS 250641 (N.D. CAL. NOV. 16, 2021)…………………………10

*LICCI EX REL. LICCI V. LEBANESE CANADIAN BANK, SAL*
732 F.3D 161 (2D CIR. 2013) …………………………………………………......3

*LUIS V. MEDLEY, INC.,*
2022 U.S. DIST. LEXIS 73987 (S.D.N.Y. APR. 22, 2022) ……………...…………11

*MATTEL, INC. V. WWW.FISHER-PRICE.ONLINE,*
2022 U.S. DIST. LEXIS 127132 (S.D.N.Y. JULY 18, 2022) ……………...………..4, 8

*MCGRAW-HILL GLOB. EDUC. HOLDINGS, LLC V. KHAN,*
323 F. SUPP. 3D 488 (S.D.N.Y. 2018) ……………..……………………………...8

*MURPHY V. HUMBOLT CLOTHING CO.,*
2021 U.S. DIST. LEXIS 17072 (W. D. PA. JAN. 29, 2021) ……..…………………..11

*PAGUADA V. WASH. MUSIC SALES CTR., INC.,*
2022 U.S. DIST. LEXIS 16064 (S.D.N.Y. JAN. 28, 2022) ……………..……………10

*PENSION COMMITTEE OF UNIVERSITY OF MONTREAL PENSION PLAN V. BANC OF AMERICA SECURITIES, LLC*
2006 U.S. DIST. LEXIS 11617 (S.D.N.Y.2006)………………….…..…………………9

*POSCHMANN V. PONTE VEDRA CORP.,*
2018 U.S. DIST. LEXIS 217469 (S.D. FLA. DEC. 27, 2018)……………..…………….10

*SPIN MASTER LTD., V. 158*
463 F. SUPP. 3D 348 (S.D.N.Y. 2020)……………..…………………………………..4

*TRADECOMET.COM LLC V. GOOGLE, INC.,*
647 F.3D 472 (2D CIR. 2011)……….…………….…………………………………..3

*VASQUEZ V. H.K. & SHANGHAI BANKING CORP.,*
2019 U.S. DIST. LEXIS 120622 (S.D.N.Y. JULY 19, 2019)……………………………9

*WOWWEE GRP. LTD V. MEIRLY ,*
2019 U.S. DIST. LEXIS 51905 (S.D.N.Y. MAR. 27, 2019) ………………………………8

*Young v. Metro. Learning Inst., Inc.*,
2023 U.S. Dist. LEXIS 23206 (S.D.N.Y. Feb. 10, 2023) …………………………………10

**Statutes**

N. Y. C.P.L.R. § 302 ...................................................................................................4, 8

**Rules**

Fed. R. Civ. P.  12(b)(2) .........................................................................................2, 3

Fed. R. Civ. P.  12(b)(3) ......................................................................................... 3

Plaintiff Valerie Dicks ("Plaintiff"), on behalf of herself and all others similarly situated, respectfully submits this memorandum of law in opposition to Cooks Junction, Inc.'s ("Defendant") motion to dismiss and supporting documents.[1]

## I.    PRELIMINARY STATEMENT

Defendant is in violation of the American with Disabilities Act of 1990 (the "ADA"), the New York State Human Rights Law (the "NYSHRL"), the New York State Civil Rights Law (the "NYSCRL"), and the New York City Human Rights Law (the "NYCHRL") because its website is plagued with access barriers that prevent blind and visually impaired persons from, *inter alia*, navigating the website and completing transactions.

In an attempt to obtain a dismissal of the class action Amended Complaint, Defendant first argues that it is not subject to the personal jurisdiction of this Court, despite the fact that *concedes* it uses its website to conduct business with consumers in the State of New York.  However, this argument is undermined by a strong line of precedential case law (including opinions issued by this Court) establishing that a company that maintains a website offering items for sale and delivery to New York residents is subject to specific personal jurisdiction under the New York long-arm statute. Accordingly, this Court has personal jurisdiction over Defendant in this action.  At the very least, Plaintiff should be permitted to take jurisdictional discovery regarding the extent of Defendant's New York business activities.

Defendant then argues that venue is improper in this district. But Defendant relies on inapplicable cases from outside of the Second Circuit and ignores the significant amount of caselaw in

---

[1] As used in this motion, the term "Amended Complaint" refers to the First Amended Complaint filed in this action on December 8, 2022 (ECF No. 10), "Motion to Dismiss" refers to Defendant's Motion to Dismiss dated January 5, 2023 (ECF No. 13), and "Def. Mem." refers to Defendant's Memorandum of Law in Support of its Motion to Dismiss dated January 5, 2023 (ECF No. 14).

this district, in other districts in the Second Circuit, and outside of the Second Circuit that firmly establish that venue, is, in fact, proper.

Accordingly, Defendant's Motion to Dismiss should respectfully be denied.

## II.      STATEMENT OF FACTS

Defendant is a California Corporation that owns and operates the website Cooksjunction.com (the "Website") through which it provides consumers with access to an array of goods and services, including the ability to view and purchase various types of kitchen and cooking products, amongst other items. *See* Amended Complaint at ¶ 17. Defendant operates its Website throughout the United States, including in New York State. *See* Amended Complaint at ¶ 23. Defendant conducts business in New York State, including in this district, by way of its Website. *See* Amended Complaint at ¶ 12.  Defendant's Website is a public accommodation within the definition of Title III of the ADA.  *See* Amended Complaint at ¶ 17.

Plaintiff, a visually impaired and legally blind person, requires screen-reading software to read website content using her computer. *See* Amended Complaint at ¶ 2. While Plaintiff browsed and attempted to transact business on Defendant's Website, Plaintiff was faced with numerous access barriers that prevented her from completing a purchase. *See, e.g.,* Amended Complaint at ¶¶ 6-8, 32-36. Because Defendant's Website is not equally accessible to Plaintiff and other blind and visually-impaired consumers in New York, and it is accessible to visually-abled New York consumers, Plaintiff has alleged that the Website violates the ADA. *See, e.g.,* Amended Complaint at ¶ 8.

## III.      LEGAL STANDARD

In order to defeat a Fed. R. Civ. Pro. 12(b)(2) motion to dismiss, a plaintiff must demonstrate a *prima facie* showing of personal jurisdiction over a defendant. *See FaZe Clan, Inc.*

2

*v. Tenney*, 2019 U.S. Dist. LEXIS 189617, at *10 (S.D.N.Y. Oct. 31, 2019) (*citing Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A*., 722 F.3d 81, 84 (2d Cir. 2013)).  In addition, when considering a Rule 12(b)(2) motion to dismiss, a court must construe the pleadings and any supporting materials in the light most favorable to plaintiff.  *See Alcon Labs., Inc. v. Allied Vision Grp., Inc*., 2018 U.S. Dist. LEXIS 219632, at *7 (E.D.N.Y. Dec. 22, 2018) (*citing Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013)).

When considering a motion to dismiss for improper venue under Rule 12(b)(3), the burden of proof lies with the plaintiff to show that venue is proper. *See Detroit Coffee Co., LLC v. Soup for You, LLC*, 2018 U.S. Dist. LEXIS 26170, at *1 (S.D.N.Y. Feb. 16, 2018) (*quoting Cartier v. Micha, Inc*., No. 06-CV-4699, 2007 U.S. Dist. LEXIS 29785, at *2 (S.D.N.Y. Apr. 20, 2007)). Where no evidentiary hearing is held, "the plaintiff need only make a *prima facie* showing of [venue]." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005) (internal quotations omitted). In considering whether venue is proper, the Court "must view 'all facts in the light most favorable to the non-moving party.'" *Jenny Yoo Collection, Inc. v. Watters Design Inc*., 2017 U.S. Dist. LEXIS 175399, at *4 (S.D.N.Y. Oct. 20, 2017) (*quoting TradeComet.com LLC v. Google, Inc*., 647 F.3d 472, 475 (2d Cir. 2011)).

## IV.     ARGUMENT

### A.    THIS COURT HAS THE REQUISITE PERSONAL JURISDICTION OVER DEFENDANT

Seeking dismissal of the Complaint under Rule 12(b)(2), Defendant argues that it is not subject to the personal jurisdiction of this Court.  As will be demonstrated, Defendant is incorrect.

#### 1.  Defendant "Transacts Business" with New York Residents

Defendant is correct that "in determining whether personal jurisdiction exists, the Court

must examine the contacts of the defendant, not the plaintiff." Def. Mem. at p. 8. However, Defendant argues that it does not "transact business" in New York by way of its Website. Def. Mem. at pp. 5-10. This is incorrect.

Pursuant to New York's long arm statute, a court may exercise specific personal jurisdiction over a "non-domiciliary who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." *See* N. Y. C.P.L.R. § 302(a)(1). As this Court has found previously, "[a] defendant need not be physically present in New York to 'transact business'; rather, a defendant may satisfy the business transaction requirement if it 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Mattel, Inc. v. www.fisher-price.online*, 2022 U.S. Dist. LEXIS 127132, at *8 (S.D.N.Y. July 18, 2022) (Liman, J.) (*quoting Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246-47 (2d Cir. 2007). "The rise of online commercial transactions requires that the doctrine of personal jurisdiction adapt and evolve with modern technological advances." *Id.* Under this evolving lens of the doctrine of personal jurisdiction, "[a] defendant *purposefully avails itself of the forum state and thus transacts business* if its website is 'interactive' and 'solicits information from potential buyers in New York in order for the defendant to sell them products in New York." *Id.* at *8-9 (*citing Spin Master Ltd., v. 158*, 463 F. Supp. 3d 348, 362 (S.D.N.Y. 2020)) (emphasis added); *see also Guglielmo v. JEGS Auto., Inc*., 2021 U.S. Dist. LEXIS 50347, at *7-8 (S.D.N.Y. Mar. 17, 2021) (Liman, J.).

Likewise, a determination of whether Defendant "transacts business" in New York does not require Plaintiff to have completed a purchase on the Website, as it is Defendant's contacts and activities that establish whether it "transacts business" in New York, and not the activities of Plaintiff. *See, e.g., Mattel, Inc.*, 2022 U.S. Dist. LEXIS 127132. at *9.

Here, while Defendant asserts that "[t]he sum total of [Plaintiff]'s allegations regarding [Defendant]'s commercial activity in New York is that 'Defendant controls and operates [the Website] in New York State and throughout the United States'" (Def. Mem. at pp. 6-7), Defendant ignores a number of other allegations. For instance, the Amended Complaint clearly alleges that Defendant "has been conducting business in New York State, including in this District" and that Defendant "solicits business from New York State residents through its [W]ebsite." Amended Complaint at ¶ 12.

Indeed, while Defendant is quick to label the sole allegation it cites as "conclusory" (Def. Mem. at p. 7), Defendant *expressly concedes* that it conducts business through its Website with residents of New York State, stating that "less than 6% of its sales come unsolicited from purchasers with New York addresses." Def. Mem. at p. 1; *see also* Def. Mem. at p. 10 ("Clearly, [Defendant] has filled some orders of New York residents"). Although Defendant attempts to minimize the impact of this fact by framing its business with New York residents as "less than 6%," this concession is critical. Defendant's Website proudly touts that Defendant is "[t]hrilled to offer our services to every cook across the country." *See* https://www.cooksjunction.com/pages/about-us (last visited February 22, 2023). If, for sake of argument, Defendant conducted an equal number of online sales in every state "across the country," each state would amount to only 2% of Defendant's total sales. Given this, even a conservative interpretation of Defendant's concession (*e.g.,* that "less than 6%" means 5%, and not 5.9%) would result in Defendant conceding that it does *3% more* of its online sales in the State of New York than other states.

Because Defendant maintains a highly interactive website that it concedes to have used to solicit information from a substantial number of buyers in New York to sell them products in New

York, it should be found to have "transacted business" in the State of New York by way of its Website, and thus purposefully availed itself of the forum state. Any argument to the contrary should be disregarded.

2.   Plaintiff's Claim Arises from Defendant's Transaction of Business in New York

Next, Defendant argues that "Plaintiff cannot show that her claim arises out of [the business Defendant has transacted in New York]." Def. Mem. at p. 10. This, too, is incorrect.

Again, this Court's prior opinions are instructive. In *Guglielmo v. JEGS Auto., Inc*., 2021 U.S. Dist. LEXIS 50347 (S.D.N.Y. Mar. 17, 2021), this Court was presented with similar arguments to the ones posed by Defendant in this case. To establish personal jurisdiction, the plaintiff in the *Guglielmo* case cited to information on the defendant's website concerning guidance on New York sales tax and a downloadable New York tax form available on the defendant's website as evidence of the defendant's interactions with New York. *Id.* at *9. The defendant in that case argued that (i) "[a]bsent evidence of an actual order placed through the website from New York, [an] actual sale that occurred in New York, and [an] single actual delivery to New York, the [c]omplaint alleges merely that [d]efendant 'operat[es] a website that may be accessed from New York,' but that fact, without more, does not bring the operator within the jurisdiction of New York courts; and (ii) that "the [c]omplaint relies on conclusory allegations [*i.e.*:] 'Defendant conducts and continues to conduct a substantial and significant amount of business in this District;' and 'Defendant is and was at all relevant times . . . doing business in New York.'" *Id.* at *10-11 (*citations omitted*).

In considering these arguments, this Court held the following:

[P]laintiff's failure to establish personal jurisdiction is, to some extent, a function of [d]efendant's own alleged wrongdoing. Taking the allegations of the [c]omplaint as true, it was [d]efendant's violations of the ADA that prevented [p]laintiff from making the purchase from New York that would have established personal jurisdiction. Had [p]laintiff been able to make the purchases from New York he claims to have attempted to make, personal

6

jurisdiction would have been present. The evidence [p]laintiff has been able to present, while not sufficient to establish jurisdiction, does constitute a substantial start in that direction. The evidence that [d]efendant makes substantial sales and the fact that it makes New York state sales tax forms available on its [w]ebsite go far to making it plausible that at least some of those sales are effected through transactions over the [w]ebsite. If, at the time of the filing of this action, [d]efendant was selling products through its [w]ebsite to New York customers and at the same time displaying the [w]ebsite to [p]laintiff but denying him the access other New York customers had to purchase products, those facts would help to establish personal jurisdiction and create the articulable nexus or substantial relationship between the business transaction and the claim asserted. Defendant's transactions with other New York customers would be connected to the plaintiff's own claim because the transactions with the other persons actually caused some part of the harm to the plaintiff. Specifically, [p]laintiff would be harmed by the defendant's transactions with New York customers because the [c]omplaint alleges that [d]efendant has chosen to purposefully avail itself of the rights and protections of New York by selling products on its [w]ebsite to New York customers, but only to those customers who are not legally blind and can navigate the [w]ebsite. The business transaction (*i.e.,* [d]efendant's sales of products to New York customers) would thus have a substantial relationship with the claim asserted in this action (*i.e.,* [d]efendant makes such sales through a website that is inaccessible to certain customers).

*Id.* at \*13-15.

Here, the same issue exists concerning the allegations related to personal jurisdiction. To the extent that Plaintiff cannot allege a basis for personal jurisdiction any stronger than the allegations alleged in the Amended Complaint, such inability is a result of Defendant's own alleged wrongdoing. The Amended Complaint clearly alleges that Defendant's violations of the ADA prevented Plaintiff from completing a purchase. *See, e.g.,* Amended Complaint at ¶ 36 ("Plaintiff, VALERIE DICKS, has made numerous attempts to complete a purchase on [the Website], most recently on December 6, 2022, but was unable to do so independently because of the many access barriers on Defendant's [W]ebsite"); *see also* Amended Complaint at ¶ 27 ("Due to [Defendant]'s failure and refusal to remove access barriers to [Defendant's Website], blind individuals have been and are being denied equal access to [Defendant's Website], as well as to the numerous goods, services and benefits offered to the public through [Defendant's Website]"). Defendant concedes

that, had Plaintiff been able to make the purchases from New York that she attempted to make, personal jurisdiction would have been present. *See, e.g.,* Def. Mem. at 10 ("If Plaintiff had purchased a defective product from Defendant's website and that caused injury, that might be sufficient since the claim arises out of the shipping of defective goods to New York"). Even further, unlike the case in *Guglielmo v. JEGS Auto., Inc.*, here Defendant explicitly concedes to having conducted business with New York residents. Def. Mem. at p. 1. These facts are more than sufficient to establish that Defendant's business transactions (*i.e.,* Defendant's sales of products to New York customers) have a substantial relationship with the claim asserted in this action (*i.e.,* Defendant's making of such sales through a website that is inaccessible to certain customers, including Plaintiff). *See Guglielmo*, 2021 U.S. Dist. LEXIS 50347, at *15.

### 3. Personal Jurisdiction Over Defendant Comports with Due Process

Defendant then argues that "[e]ven if there was personal jurisdiction over Defendant under CPLR § 302, this Court should not exercise personal jurisdiction because that would be contrary to the Due Process clause of the U.S. Constitution." Def. Mem. at p. 11. This, too, is incorrect. It is clearly established that, because CPLR § 302(a)(1) permits the exercise of personal jurisdiction in a narrower range of circumstances than the Due Process Clause itself, an exercise of personal jurisdiction under CPLR 302(a)(1) "necessarily carries with it the further conclusion that the exercise of such jurisdiction comports with constitutional due process." *Mattel, Inc.*, 2022 U.S. Dist. LEXIS 127132, at *12 (*collecting cases*); *see also WowWee Grp. Ltd v. Meirly*, 2019 U.S. Dist. LEXIS 51905, at *11 (S.D.N.Y. Mar. 27, 2019) ("Due process requires certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. This standard is satisfied without further inquiry by state long-arm statutes, like Section 302 [*i.e.*, the New York long arm statute], that permit the exercise of

jurisdiction in a narrower range of circumstances than the Due Process Clause") (citations omitted);

*McGraw-Hill Glob. Educ. Holdings, LLC*, 323 F. Supp. at 495 (S.D.N.Y. 2018) (concluding

application of New York's long arm statute is consistent with the limits of due process).

    4.  <u>If the Court Is Not Inclined to Exercise Personal Jurisdiction, It Should Permit Limited Jurisdictional Discovery into Defendant's New York Contacts to Avoid Undue Prejudice</u>

In the event that this Court for some reason does not find sufficient grounds for its exercise

of personal jurisdiction over Defendant in this case, Plaintiff respectfully requests leave to conduct

limited jurisdictional discovery to establish such grounds, the governing standard of which is "very

generous." *See, e.g., Vasquez v. H.K. & Shanghai Banking Corp.*, 2019 U.S. Dist. LEXIS 120622,

at *3 (S.D.N.Y. July 19, 2019).

"It is well settled under Second Circuit law that, even where plaintiff has not made a *prima*

*facie* showing of personal jurisdiction, a court may still order discovery, in its discretion, when it

concludes that the plaintiff may be able to establish jurisdiction if given the opportunity to develop

a full factual record." *Ikeda v. J Sisters 57, Inc.*, 2015 U.S. Dist. LEXIS 87783, at *24-26 (S.D.N.Y.

July 6, 2015); *see also Golisano v. Turek*, 2015 U.S. Dist. LEXIS 11787, at *11 (W.D.N.Y. Feb.

2, 2015) (*citing Pension Committee of University of Montreal Pension Plan v. Banc of America*

*Securities, LLC,* 2006 U.S. Dist. LEXIS 11617, (S.D.N.Y.2006)) ("Where, as here, 'pertinent facts

bearing on the question of jurisdiction are controverted ... or where a more satisfactory showing of

the facts is necessary,' jurisdictional discovery should be granted").

In the *Guglielmo v. JEGS Auto., Inc.* case, this Court found that

> [d]istrict courts in this Circuit have allowed jurisdictional discovery where a plaintiff has
> made less than a *prima facie* showing but has demonstrated a sufficient start toward
> establishing personal jurisdiction. [J]urisdictional discovery is not permitted where . . . the
> defendant submits an affidavit that provides all the necessary facts and answers all the
> questions regarding jurisdiction. However, if plaintiff has not pleaded a *prima facie* showing

of personal jurisdiction, a court may order limited discovery targeted at the missing jurisdictional elements, if plaintiff has shown that such an exercise would serve to fill any holes in its showing.

*Guglielmo,* 2021 U.S. Dist. LEXIS 50347, at *15-16 (*internal quotation marks and citations omitted*). In that case, this Court found the *Guglielmo* plaintiff to have made the necessary showing to allow for jurisdictional discovery, despite not having established that the defendant had actually conducted any business in New York State. Here, where Defendant *concedes* it has done business in New York State (Def. Mem. at p. 1), *a fortiori* jurisdictional discovery should be allowed.

### B.   VENUE IN THE SOUTHERN DISTRICT OF NEW YORK IS PROPER

The Amended Complaint expressly alleges that "Plaintiff lives in the district (in Bronx County), and a substantial portion of the conduct complained of herein occurred in this District because Plaintiff attempted to utilize, on a number of occasions, the subject Website within this Judicial District." Amended Complaint at ¶ 12.

As its final argument, Defendant spills a substantial amount of ink attempting to demonstrate that venue in this district is improper. Def. Mem. at pp.14-19. Defendant relies, in large part, on a case out of the Northern District of California (*i.e., Knuttel v. Omaze, Inc.*, 2021 U.S. Dist. LEXIS 250641 (N.D. Cal. Nov. 16, 2021)) and a case out of the Southern District of Florida (*Poschmann v. Ponte Vedra Corp.*, 2018 U.S. Dist. LEXIS 217469 (S.D. Fla. Dec. 27,. 2018).

Defendant, however, fails to account for the plethora of cases in this district and in the sister districts under the Second Circuit that flatly contradict Defendant's position. *See, e.g., Young v. Metro. Learning Inst., Inc.*, 2023 U.S. Dist. LEXIS 23206, at *5, fn. 2. (S.D.N.Y. Feb. 10, 2023) ("Venue is proper in a 'judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.' 28 U.S.C. § 1391(b)(2). [The plaintiff] alleges that he accessed [the

defendant]'s website from his computer while located within the Southern District. Because the events giving rise to [the plaintiff's] claim occurred within the Southern District, venue is proper here"); *see also Duncan v. Skin Bar N.Y. City*, 2021 U.S. Dist. LEXIS 97827, at *9 (S.D.N.Y. May 18, 2021) ("[v]enue is appropriate in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2)"); *Paguada v. Wash. Music Sales Ctr., Inc*., 2022 U.S. Dist. LEXIS 16064, at *4 (S.D.N.Y. Jan. 28, 2022) (noting that the defendant's arguments "do not outweigh the presumption of maintaining the [p]laintiff's choice of forum," and that a transfer of venue would "force a partially blind [p]laintiff to litigate miles away from her chosen forum"); *cf*., *Luis v. Medley, Inc.,* 2022 U.S. Dist. LEXIS 73987, at *3 (S.D.N.Y. Apr. 22, 2022) ("[T]he [c]omplaint's allegations clearly allege that [p]laintiff resides in Kings County (Brooklyn), and it appears that the events or omissions giving rise to [p]laintiff's claims, his attempts to access [d]efendant's website, occurred there as well. . . . Accordingly, the Court TRANSFERS the instant action to the United States District Court for the Eastern District of New York *sua sponte*").

While caselaw under the Second Circuit is clearly in Plaintiff's favor on this issue, caselaw outside of the Second Circuit provides further support for maintaining this District as the proper venue. *See, e.g., Murphy v. Humbolt Clothing Co.,* 2021 U.S. Dist. LEXIS 17072, at *23 (W. D. Pa. Jan. 29, 2021) ("Here, that denial [*i.e.,* the denial of denied the 'full and equal enjoyment' of a website's 'goods, services, facilities, privileges, advantages, or accommodations'] allegedly occurred when [p]laintiff, from a location in Erie, Pennsylvania, was unable to access [d]efendant's online store as a result of [d]efendant's failure to utilize screen reader compatible technology. In this Court's view, [p]laintiff's allegations are sufficient to show that a substantial part of the events and omissions giving rise to his claim occurred in this judicial district"); *Carroll v. FedFinancial Fed. Credit Union*, 324 F. Supp. 3d 658, 664 (E.D. Va. 2018) (denying transfer to Maryland where

the events giving rise to suit—namely, the plaintiff's attempt to access the defendant's website—occurred in Virginia); *Access Now, Inc. v. Otter Prods., LLC*, 280 F. Supp. 3d 287, 295 (D. Mass. 2017) (same).

**V.      <u>CONCLUSION</u>**

For the reasons set forth, the Court should respectfully deny Defendant's Motion to Dismiss in its entirety.

Dated:     Forest Hills, New York
           February 22, 2023

MARS KHAIMOV LAW, PLLC
*Attorneys for Plaintiff*

<u>/s/ Mars Khaimov</u>
By: Mars Khaimov, Esq.
108-26 64th Avenue, Second Floor
Forest Hills, New York 11375
Tel (929) 324-0717
Fax (929) 333-7774
Email: mars@khaimovlaw.com