**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| VALERIE DICKS, on behalf of herself and all others similarly situated, : : : | |
| Plaintiffs, : | |
| v. : | Case No. 1:22-cv-6495-LJL |
| : | |
| COOKS JUNCTION, INC., a California Corporation, : : | |
| C : | |
| *Defendants*. : | |

_____

**DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO
<u>DISMISS PLAINTIFF'S COMPLAINT</u>**

Plaintiff Valerie Dicks argues in her Opposition that she, as the plaintiff, can create personal jurisdiction over an out of state defendant merely by going to that company's website, regardless of whether the defendant actively seeks out or "targets" New York residents.  If that were the law, any company with a website could be subjected to personal jurisdiction based not on its own acts, but those of a litigious plaintiff anywhere in the United States, if not the entire world.  Plaintiff's legal arguments "cherry pick" statements from many of the cases, including this Court's decision in *Guglielmo v. JEGS Auto., Inc*., No. 20-cv-5376 (LJL), 2021 U.S. Dist. LEXIS 50347 (S.D.N.Y. Mar. 17, 2021) to attempt to save plaintiff's business model of locating websites and then suing on them from the comfort of her home in New York, regardless of whether the defendant has any real connection with New York.

This is such a case.  Cook's Junction has no presence in New York whatsoever, and a tiny fraction of unsolicited orders from New York residents.  It has brick and mortar stores in California, is located in California, fills its orders from California and does not target any advertising or goods at New York residents.  In fact, Dicks does not even address the two abject falsehoods in her Complaint, where she alleges that (1) Cook's Junction is registered to do business in New York, which is plainly false according to the public records available to Dicks, and (2) that Cook's Junction's products are sold through retailers in New York, which is also false.

Plaintiff's arguments regarding venue fare no better for a simple reason.  The venue statute looks to the acts of the *defendant*, not the plaintiff.  Dicks contends that *her* going to the Cook's Junction website is sufficient to establish venue.  Similar to her argument regarding personal jurisdiction, if that were the case, every defendant would be subjected to venue wherever the *plaintiff*, not the defendant, resided – an argument expressly rejected by Congress in amending the venue statute. Accordingly, in light of the outright falsehoods regarding Cooks Junction's alleged contacts with New York (being registered to do business in New York and selling its goods through retailers in New York) and the intentionally improper choice of venue, this case should be dismissed for improper venue rather than transferred.

## ARGUMENT

### I.
### PLAINTIFF CANNOT ESTABLISH PERSONAL JURISDICTION OVER COOK'S JUNCTION

Significantly, Plaintiff does not discuss any of the cases directly on point that hold that a plaintiff using SRS cannot establish personal jurisdiction by going to a website and discovering that it is allegedly incompatible with screen reader software ("SRS").  *See e.g., Wilson v. Jord Inc.*, No. 20-CV-1899-LJV-JJM, 2022 U.S. Dist. LEXIS 58849, at *7-9 (W.D.N.Y. Mar. 30, 2022).  However, since Plaintiff seems to rely almost exclusively on this Court's decision in *Guglielmo v. JEGS Auto., Inc*., No.

20-cv-5376 (LJL), 2021 U.S. Dist. LEXIS 50347 (S.D.N.Y. Mar. 17, 2021),

Defendant can start there.

A.    <u>Transacting Business.</u>

To establish jurisdiction under Section 302(a)(1), Plaintiff must allege that: (1)
Defendant has "transacted business" in New York, and (2) the claim asserted arises
from that business activity. *Guglielmo v. JEGS Auto., Inc.*, No. 20-cv-5376 (LJL),
2021 U.S. Dist. LEXIS 50347, at *7 (S.D.N.Y. Mar. 17, 2021) citing *Eades v.
Kennedy PC L. Offs.*, 799 F.3d 161, 168 (2d Cir. 2015). "A single sale may be
sufficient provided that the *defendant's* activities were purposeful and there was a
substantial relationship between the transaction and the claim asserted." *WowWee
Grp. Ltd. v. Meirly,* 2019 U.S. Dist. LEXIS 51905, 2019 WL 1375470, at *3
(S.D.N.Y. Mar. 27, 2019); *see also Chloe v. Queen Bee of Beverly Hills*, LLC, 616
F.3d 158, 166 (2d Cir. 2010).

However, "The maintenance of a website accessible to New York residents is
not sufficient on its own to establish personal jurisdiction over a defendant." *See
Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 565 (S.D.N.Y. 2000). *Best
Van Lines, Inc. v. Walker*, 490 F.3d at 250, quoting *Starmedia Network, Inc. v. Star
Media, Inc.*, 2001 U.S. Dist. LEXIS 4870, at *7 ("[I]t is now well established that one
does not subject himself to the jurisdiction of the courts in another state simply
because he maintains a web site which residents of that state visit.").

The key operative words are that §302(a)(1) require that a *defendant's*
activities be "purposeful," *i.e.*, specifically directed to New York residents.
"[W]ithout non-conclusory allegations that Jord did more than simply maintain a
commercial website accessible to New York residents, this Court agrees with Jord
that Wilson has failed to demonstrate personal jurisdiction here. *Wilson v. Jord Inc.*,
2022 U.S. Dist. LEXIS 58849, at *7-9 (W.D.N.Y. Mar. 30, 2022).  "[The] unilateral
activity of another party or a third person is not an appropriate consideration when
determining whether a defendant has sufficient contacts with a forum State to justify
an assertion of jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 284, 134 S. Ct. 1115,
1122 (2014).  "The plaintiff cannot be the only link between the defendant and the
forum. Rather, it is the *defendant's conduct* that must form the necessary connection
with the forum State that is the basis for its jurisdiction over him." *Id.* (emphasis
added).

There is no evidence that Defendant targets New York residents and other than
passively accepting a minor number of unsolicited sales from New York residents,
there is no *purposeful* availment by Cook's Junction of the right to conduct business
specifically in New York.  For example, there are no advertisements directed at New
York residents, no specials directed to New York residents to encourage them to
make online purchases from Defendant, and Defendant has zero presence in New
York.  The few unsolicited sales to New York residents – obviously not including

Plaintiff – cannot support a finding that Defendant is "transacting business" in New York.

Given that Plaintiff merely visited Cooks' Junction's website, witnessed an alleged ADA violation, and allegedly incurred harm therefrom, "Under New York case law, this interaction could not constitute an 'act by which the defendant purposefully avails itself of the privilege of conducting activities within New York' — a sine qua non of the analysis of whether a transaction has occurred." *Mercer v. Rampart Hotel Ventures, LLC,* 2020 U.S.Dist.LEXIS 7313, at *7-8 (S.D.N.Y. Jan. 16, 2020)(finding that hotel's website, which was not alleged to "target or have any special connection to New York," was insufficient to support jurisdiction under New York's long arm statute), *adopted by* 2020 U.S. Dist. LEXIS 31163 (Feb. 24, 2020)). *Katz v. Wanderstay Hotels*, No. 19 CV 3615 (RRM)(LB), 2021 U.S. Dist. LEXIS 42061, at *8 (E.D.N.Y. Mar. 4, 2021)(going to a website allegedly noncompliant with the ADA is not "transacting business" for personal jurisdiction).

Defendant did nothing to solicit Plaintiff or any other New York resident, did not advertise targeting New York residents, and indeed, is guilty of nothing more than operating a website accessible from anywhere.

B.   Plaintiff's Claim Does Not Arise From Transacting Business.

Plaintiff's claim does not "arise from" Cooks' Junction transacting business *in New York*.  In concluding that the plaintiff failed to meet the "arising from" prong, the

-5-

*Mercer* court explained that "the harm caused by defendant's alleged failure to maintain a proper website is not 'connected' to the defendant's transactions with other New Yorkers. *Mercer v. Rampart Hotel Ventures, LLC*, 2020 U.S. Dist. LEXIS 7313, *5. Plaintiff here doubles down on the fact that because a very limited number of other New York residents have made unsolicited purchases through Defendant's website that is sufficient to show that *her* claim arises out of Defendant's transacting business in New York. "But the defendant's transactions with other New York residents through that website did not cause plaintiff harm and plaintiff's specific claim in this case does not arise out of those transactions." *Id.*

In this Court's *Guglielmo* decision, this Court discussed the "interactivity" of a commercial website. The more "interactive" the website, *such that it solicits information from potential buyers in New York in order for the defendant to sell them products in New York*, the more likely a court is to find that the defendant is "transacting business" through the website in New York and is subject to the court's jurisdiction. Plaintiff has presented nothing to indicate that Cook's Junction solicits information from potential buyers in order to sell them products in New York. *Guglielmo*, 2021 U.S. Dist. LEXIS 50347, at *8-9 (S.D.N.Y. Mar. 17, 2021) *citing Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 363 (S.D.N.Y. 2020) ("It is, of course, not sufficient that the defendant conducts business through an interactive [] website; the question is *whether the defendant used the website to reach into the forum* in

some meaningful way.")(emphasis added).   In short, the plaintiff "cannot be the only

link between the defendant and the forum." *Hitachi Data Sys. Credit Corp. v.*

*Precision Discovery, Inc.*, 331 F. Supp. 3d 130, 142 (S.D.N.Y. 2018).

Plaintiff has not seen fit to even dispute any of the facts in the Janes

Declaration, has not presented any facts to show that Cook's Junction purposefully

targets New York residents and has therefore failed to establish even a prima facie

case of personal jurisdiction.

C.     Exercising Personal Jurisdiction Here Violates Due Process.

This Court has recognized a difference between serving the U.S. market and

"conduct purposefully directed at [a particular state]"), *Guglielmo*, 2021 U.S. Dist.

LEXIS 50347, at *12-13, citing *J. McIntyre Mach., Ltd. v. Nicastro,* 564 U.S. 873,

886, 131 S. Ct. 2780, 180 L. Ed. 2d 765 (2011). "[E]xtending personal jurisdiction

based on 'essentially de minimis contributions made from a website accessible in any

jurisdiction,' would raise serious due process concerns." *Guglielmo*, citing *RLP*

*Ventures LLC v. All Hands Instruction NFP*, 2019 U.S. Dist. LEXIS 48211, at *4

(S.D.N.Y. Mar. 22, 2019).

Thus, even if there was personal jurisdiction over Defendant under CPLR §

302, the exercise personal jurisdiction must comport with the Due Process clause of

the U.S. Constitution. "Due Process" requires "minimum contacts" between the

nonresident defendant and the forum state such that "maintenance of the suit does not

offend traditional notions of fair play and substantial justice." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291–92 (1980).

The allegations in the Complaint only show that the purported basis of personal jurisdiction over Cooks' Junction is *Plaintiff's* unilateral activity of allegedly "visit[ing] the Website" in New York.  However, as discussed above, the contacts of the non-domiciled *Defendant* determine whether personal jurisdiction exists, not the unilateral acts of the Plaintiff. *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958) ("[U]nilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."). *Walden* forbids that sort of analysis, which impermissibly "allows a *plaintiff's* contacts with the defendant and forum to drive the jurisdictional analysis." *Id.* at 285-286 (emphasis added).  Since the *only* contacts with New York are those of either the plaintiff or third parties, *not* the defendant, personal jurisdiction is therefore lacking.

## II.
## <u>VENUE IS IMPROPER IN NEW YORK</u>

Venue focuses on the actions of the *defendant* not the plaintiff, because "the purpose of statutorily defined venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005)*; Slobig v. Gannuscia*, No. 16-CV-3783, 2018 U.S. Dist. LEXIS 40061 at *3 (S.D.N.Y. Mar. 9, 2018) (explaining that "the acts of [the] [d]efendants, *not the activities of or harm to [the]*

*[p]laintiff*, determine where venue properly lies"). Moreover, "by referring to 'events or omissions giving rise to the claim' [in 28 U.S.C. § 1391(b)(2)], Congress meant to require courts to focus on relevant activities of the defendant, not of the plaintiff." *Daniel*, 428 F.3d at 432.

Plaintiff relies solely on the "substantial portions of the claim" test for venue. When a plaintiff relies on § 1391(b)(2) to defeat a venue challenge, a two-part inquiry is appropriate. First, a court should identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims. Second, the court should determine whether a substantial part of those acts or omissions occurred in the district where suit was filed, that is, whether "significant events or omissions material to [those] claims . . . have occurred in the district in question." *Daniel*, 428 F.3d at 432.

In this case, the *plaintiff* is relying on her own acts to establish venue. Cook's Junction merely has a website accessible to anyone in the world. She went to the website. Second, no significant events *by the defendant* occurred in New York. The Defendant is domiciled in California and operates its website from there. Any claims here arose from defendant's actions in California, not New York. Defendant's only connection with New York for purposes of venue are based entirely on Plaintiff's actions.

To put an even finer point on it, the Second Circuit in *Harty v. W. Point Realty, Inc.*, 28 F.4th 435 (2d Cir. 2022) recognized that merely viewing an allegedly

-9-

noncompliant website does not give a plaintiff standing to sue because such harm is not "concrete."  Similarly, any "harm" that Plaintiff claims to have suffered in New York does not rise to a concrete harm pursuant to Article III and therefore there is no substantial "harm" in New York that could support venue.  Accordingly, the case should be dismissed for improper venue.

## CONCLUSION

For the foregoing reasons, Defendant Cooks' Junction respectfully request that this Court dismiss the Complaint for lack of personal jurisdiction without leave to amend.

Dated: March 1, 2023                              Respectfully submitted,

_/s/_ Michael F. Fleming
Michael F. Fleming, Esq.
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
(212) 309-6207
michael.fleming@morganlewis.com

s/_Philip H. Stillman_
Philip H. Stillman, Esq., _pro hac vice_
_To be filed_
Stillman & Associates
3015 North Bay Road, Suite B
Miami Beach, FL 33140
pstillman@stillmanassociates.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of March, 2023, a true and correct copy of

the foregoing Reply was served via the Court's ECF filing system upon all counsel of

record.


s/ *Philip H. Stillman*
Philip H. Stillman