UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                    :

VALERIE DICKS, *on behalf of herself and all others*
*similarly situated*,                           :

                             :

                  Plaintiff,         :            22-cv-6495 (LJL)

                             :

          -v-                       :          OPINION AND ORDER

                             :

COOKS JUNCTION, INC.,                :

                             :

                  Defendant.      :

                             :
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _04/04/2023__

LEWIS J. LIMAN, United States District Judge:

Defendant Cook's Junction, Inc. ("Defendant" or "Cook's Junction") moves to dismiss

the amended complaint ("Amended Complaint") filed against it by plaintiff Valerie Dicks

("Plaintiff" or "Dicks"), pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, for

lack of personal jurisdiction.  Dkt. No. 13.  In the alternative, Defendant moves to dismiss for

improper venue pursuant to Rule 12(b)(3).  *Id.*

For the reasons that follow, the motion to dismiss is denied.

## BACKGROUND

The following alleged facts are drawn from the allegations in the Amended Complaint

which are assumed to be true for purposes of this motion.

Plaintiff is a visually impaired and legally blind person who requires screen-reading

software to read website content using her computer.  Dkt. No. 10 ¶ 2.  She is and has been at all

relevant times a resident of New York County.  *Id.* ¶ 13.  Defendant is a California corporation

with its principal place of business located at 261 Main St., Los Altos, CA 94022.  *Id.* ¶ 16.

Defendant has a brick-and-mortar location in California and operates a website with a URL of

cooksjunction.com (the "Website").  *Id.* ¶¶ 16–17.  The Website provides consumers with access

to an array of goods and services, including the ability to view and purchase various types of

kitchen and cooking products.  *Id.* ¶ 17.

On multiple occasions, the last of which occurred on December 6, 2022, Plaintiff visited

Defendant's Website to make a purchase but was unable to do so due to a lack of accessibility

features on Defendant's Website.  *Id.* ¶ 36.  Because of these missing features, Plaintiff alleges

that the Website was inaccessible to, and not independently usable by, blind and visually

impaired customers who need screen-readers and that these access barriers denied Plaintiff full

and equal access to the Website.  *Id.*

## PROCEDURAL HISTORY

Plaintiff filed this action on August 1, 2022, Dkt. No. 1, and filed the Amended

Complaint on December 8, 2022, Dkt. No. 10.  Plaintiff brings a claim under the Americans with

Disabilities Act, 42 U.S.C. § 12101 *et seq.*, on behalf of herself and a putative nationwide class

of "all legally blind individuals in the United States who have attempted to access

Cooksjunction.com and as a result have been denied access to the enjoyment of goods and

services offered by Cooksjunction.com, during the relevant statutory period."  Dkt. No. 10 ¶¶ 44,

53–68.  Plaintiff also brings claims on behalf of a putative class under the New York State

Humans Right Law, N.Y. Exec. Law § 292 *et seq.*, the New York State Civil Rights Law § 40 *et*

*seq.*, and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-102 *et seq.*  *Id.* ¶¶

69–108.

On January 5, 2023, Defendant moved to dismiss for lack of personal jurisdiction,

pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, and for improper venue,

pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.  Dkt. No. 13.  In support of

the motion to dismiss, Defendant submitted an affidavit of Katherine Janes, an officer of Cook's

Junction.  Dkt. No. 13-1.  In that affidavit, Janes states the following:

- "Cook's Junction is a foreign business limited liability company, organized under the
  laws of the State of California on or about November 5, 2020." *Id.* ¶ 2.

- "At all times relevant to this case, Cook's Junction's headquarters has been and still is
  located at 261 Main Street Los Altos, California, 94063." *Id.* ¶ 3.

- The Website is "maintained" at Defendant's offices in California and that is "where
  its servers are located." *Id.* ¶ 4.

- "Cook's Junction is not registered to do business in New York." *Id.* ¶ 5.

- "Approximately 5.29% of Cook's Junction's total sales for five years originated
  unsolicited from New York residents – just 163 orders out of 3,079." *Id.* ¶ 6.

- "Cook['s] Junction does not sell any of its products through third party retail stores.
  In fact, Cook['s] Junction does not have a line of products to sell.  Cooks' Junction
  only sells products from third-party vendors and doesn't resell those products to any
  stores." *Id.* ¶ 7.

- Cook's Junction does not maintain any office, employees, agents, sales agent, or any
  other business facility in New York, owns no real estate or personal property in New
  York, and does not maintain any banking or other financial accounts in New York.
  *Id.* ¶¶ 8–11.

- Cook's Junction "does not specifically advertise in New York nor does it target or
  seek out any New York based customers." *Id.* ¶ 13.

On February 22, 2023, Plaintiff filed a memorandum of law in opposition to the motion

to dismiss.  Dkt. No. 17.  On March 1, 2023, Defendant filed a reply memorandum of law in

further support of its motion to dismiss.  Dkt. No. 18.

<strong>LEGAL STANDARD</strong>

**I.      Personal Jurisdiction**

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears

the burden of showing that the court has jurisdiction over the defendant."  *Metro. Life Ins. Co. v.*

*Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996).  "[T]he showing a plaintiff must make

to defeat a defendant's claim that the court lacks personal jurisdiction over it 'varies depending

on the procedural posture of the litigation.'"  *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722

F.3d 81, 84 (2d Cir. 2013) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194,

197 (2d Cir. 1990)).  When an evidentiary hearing is held, the plaintiff must demonstrate the

court's personal jurisdiction over the defendant by a preponderance of the evidence.  *Id.*; *see also*

*Metro. Life Ins. Co.*, 84 F.3d at 567.  On the other hand, if an evidentiary hearing is not held,

plaintiff need make only a prima facie showing by its pleadings and affidavits that jurisdiction

exists.  *Dorchester Fin. Sec.*, 722 F.3d at 85.  This prima facie showing "must include an

averment of facts that, if credited by the ultimate trier of fact, would suffice to establish

jurisdiction over the defendant."  *Id*.  While the court "construe[s] the pleadings and affidavits in

the light most favorable to plaintiffs," *id.*, the court "will not draw argumentative inferences in

the plaintiff's favor" and need not "accept as true a legal conclusion couched as a factual

allegation," *In re Terrorist Attacks on Sept. 11, 2011*, 714 F.3d 659, 673 (2d Cir. 2013).

In reviewing whether Plaintiff has met this burden, the court "can consider materials

outside the pleadings, including affidavits and other written materials," *Jonas v. Estate of Leven*,

116 F. Supp. 3d 314, 323 (S.D.N.Y. 2015), submitted by either party, *see Pearson Educ., Inc. v.*

4

*ABC Books LLC*, 2020 WL 3547217, at *3 (S.D.N.Y. June 30, 2020); *see also Yellow Page Solutions, Inc. v. Bell Atlantic Yellow Pages Co.*, 2001 WL 1468168, at *1 (S.D.N.Y. 2001) (reviewing a motion to dismiss for lack of personal jurisdiction based on facts "drawn from the amended complaint, affidavits, and documentary exhibits *submitted by both parties*" (emphasis added)).

## II.     Venue

"[O]n a motion to dismiss for improper venue pursuant to Rule 12(b)(3), 'the burden of proof lies with the plaintiff to show that venue is proper.'" *Spiciarich v. Mexican Radio Corp.*, 2015 WL 4191532, at *2 (S.D.N.Y. July 10, 2015) (quoting *Cartier v. Micha, Inc.*, 2007 WL 1187188, at *2 (S.D.N.Y. Apr. 20, 2007)).  "A court applies the same standard of review in Rule 12(b)(3) dismissals as Rule 12(b)(2) dismissals for lack of jurisdiction." *Fedele v. Harris*, 18 F. Supp. 3d 309, 316 (E.D.N.Y. 2014).  "The court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Concesionaria DHM, S.A. v. Int'l Fin. Corp.*, 307 F. Supp. 2d 553, 555 (S.D.N.Y. 2004) (quoting *E.P.A. ex rel. McKeown v. Port Auth.*, 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001)).  "[I]n deciding a motion to dismiss for improper venue, the 'court may examine facts outside the complaint to determine whether venue is proper.'" *Id.* (quoting *McKeown*, 162 F. Supp. 2d at 183).

## DISCUSSION

## I.     Personal Jurisdiction

"To determine personal jurisdiction over a non-domiciliary in a case involving a federal question, the Court must engage in a two-step analysis." *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010).[1]  The court first applies the forum state's long-arm

---

[1] An exception to this general rule exists where the federal statute provides for national service of process.  *See PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997).

statute.  *See id.*  "If the long-arm statute permits personal jurisdiction, the second step is to

analyze whether personal jurisdiction comports with the Due Process Clause of the United States

Constitution."  *Id.* at 164.  "Due process considerations require that the defendant have certain

minimum contacts with the forum state such that the maintenance of the suit does not offend

traditional notions of fair play and substantial justice."  *Licci ex rel. Licci v. Lebanese Canadian*

*Bank, SAL*, 732 F.3d 161, 169 (2d Cir. 2013).

Plaintiff relies on N.Y. C.P.L.R. § 302(a)(1) to support personal jurisdiction over the

Defendant.  Section 302(a)(1) states that "a court may exercise personal jurisdiction over any

non-domiciliary . . . who in person or through an agent . . . transacts any business within the state

or contracts anywhere to supply goods or services in the state."  *See Spin Master Ltd. v. 158*, 463

F. Supp. 3d 348, 362 (S.D.N.Y. 2020), *adhered to in part on reconsideration*, 2020 WL 5350541

(S.D.N.Y. Sept. 4, 2020).  To establish personal jurisdiction under § 302(a)(1), "Plaintiff must

allege that (1) Defendant has 'transacted business' in New York, and (2) the claim asserted arises

from that business activity."  *Guglielmo v. JEGS Automotive, Inc.*, 2021 WL 1026168, at \*3

(S.D.N.Y. 2021) (quoting *Eades v. Kennedy PC Law Offices*, 799 F.3d 161, 168 (2d Cir. 2015)).

### A.     Transacting Business

Defendant moves to dismiss, arguing that the first prong is not met as Defendant has no

presence in New York, "did nothing to solicit Plaintiff or any other New York resident, and did

not advertise targeting New York residents."  Dkt. No. 18 at 5.

"Under the first prong, a non-domiciliary defendant need not be physically present in

New York to 'transact business,' so long as the defendant has engaged in 'purposeful activity,'

for example, 'some act by which the defendant purposefully avails itself of the privilege of

conducting activities within the forum State, thus invoking the benefits and protections of its

laws.'"  *Spin Master Ltd.*, 463 F. Supp. 3d at 362 (quoting *Best Van Lines, Inc. v. Walker*, 490

F.3d 239, 246-47 (2d Cir. 2007)).  "A single sale may be sufficient provided that the defendant's

activities were purposeful and there was a substantial relationship between the transaction and

the claim asserted."  *WowWee Grp. Ltd. v. Meirly*, 2019 WL 1375470, at *3 (S.D.N.Y. Mar. 27,

2019) (Nathan, J.).

    "Operating a website that may be accessed from New York, without more, does not bring

the operator within jurisdiction of New York courts."  *Camacho v. Vanderbilt University*, 2019

WL 6528974, at *3 (S.D.N.Y. 2019).  To determine whether a website can be defined as the

defendant's transaction of business in New York, "courts analyze the website's 'degree of

interactivity.'"  *Quezada v. U.S. Wings, Inc.*, 2021 WL 5827437, at *6 (S.D.N.Y. Dec. 7, 2021)

(quoting *Camacho*, 2019 WL 6528974, at *3).  "If the website is purely passive — that is, if it is

only for the posting of information—then the operation of the website does not rise to the level

of a transaction for the purposes of New York jurisdiction."  *Camacho*, 2019 WL 5190694, at

*3; *see Quezada*, 2021 WL 5827437, at *6.  On the other hand, where a defendant operates a

website that offers good for sale to New York customers, permits New York customers to

purchase such items, and facilitates their shipment to New York, such a website will be deemed

highly interactive and the defendant is more likely to be subject to a New York court's

jurisdiction.  *See Meirly*, 2019 WL 1375470, at *3; *see Smart Study Co. v. lizhiwangluo16*, 2020

WL 3639659, at *4 (S.D.N.Y. July 6, 2020) ("The defaulting defendants have transacted

business within the state by virtue of the defaulting defendants' operation of online user accounts

and merchant storefronts through which customers in New York can view and purchase the

counterfeit products at issue in this case.").  Importantly, though, "[e]ven the existence of an

interactive 'patently commercial' website that can be accessed by New York residents is not

sufficient to justify the exercise of personal jurisdiction unless some degree of commercial

activity occurred in New York." *Guglielmo*, 2021 WL 1026168, at *3 (quoting *Alibaba Grp.*

*Holding Ltd. v. Alibabacoin Found.*, 2018 WL 2022626, at *4 (S.D.N.Y. Apr. 30, 2018)).

The first prong of § 302(a)(1) is satisfied in this instant case.  There is no dispute  that

Defendant's Website is interactive and has been used to effect commercial transactions with

customers in New York.  Based on Defendant's own affidavit, the Website allows persons—

including persons in New York—to shop for and purchase cooking supplies.  Dkt. No. 13-1 ¶ 6;

*see Chloe*, 616 F.3d at 170 ("Queen Bee also operated a highly interactive website offering such

bags for sale to New York consumers."); *Quezada*, 2021 WL 5827437, at *7 ("U.S. Wings'

website is interactive, as it allows for the purchase and exchange of goods, including to New

York, and therefore confers personal jurisdiction.").  Defendant's affidavit also states that the

Website has been used to conduct business with New York customers.  Approximately 163 sales,

or 5.29% of Cook's Junction's total sales, over a five year period originated unsolicited from

New York residents.  Dkt. No. 13-1 ¶ 6; *see Chloe*, 616 F.3d at 170 (finding evidence of fifty-

two transactions in which merchandise was shipped to New York sufficient to demonstrate

purposeful availment of the benefits of transactions business in New York).  "Viewed in their

totality, these contacts sufficiently demonstrate" Defendant's purposeful availment of the

benefits of transacting business in New York.  *Chloe*, 616 F.3d at 170; *see Romero v. 88 Acres*

*Foods, Inc.*, 580 F. Supp. 3d 9, 15–16 (S.D.N.Y. 2022) ("The 88 Acres Website is thus fully

interactive and is used to effect commercial transactions with customers in New York.  This

purposeful availment of the New York market is sufficient to meet the 'transacting business'

prong for personal jurisdiction pursuant to New York's long-arm statute").  The fact that

Defendant may not solicit such customers or advertise in New York "is not enough to immunize

them from this state's jurisdiction when their products are readily available for sale to New York

customers." *Quezada*, 2021 WL 5827437, at \*7.

           **B.**       **Arising Out of New York Activity**

Defendant also moves to dismiss arguing that the second prong of § 302(a)(1) is not met.

Defendant argues that Plaintiff's claim does not "arise from" Defendant transacting business in

New York, as is required under the second prong of § 302(a)(1), because Plaintiff did not engage

in any transaction with Defendant and Defendant's transactions with other New York residents

did not cause Plaintiff harm.  Dkt. No. 18.

The second prong of §302(a)(1) requires that Plaintiff's cause of action "arise from"

Defendant's transactions in New York.  Under the second prong, "[a] suit will be deemed to have

arisen out of a party's activities in New York if there is an articulable nexus, or a substantial

relationship, between the claim asserted and the actions that occurred in New York." *Best Van

Lines*,  490 F.3d at 246 (citation omitted).

Here, there is an articulable nexus, or substantial relationship, between the claim asserted

and Defendant's actions that occurred in New York.  According to the allegations in the

Amended Complaint, Defendant has engaged in commercial activity with New York customers

through its Website while "at the same time displaying the Website to Plaintiff but denying

[Plaintiff] the access other New York customers had to purchase products." *Guglielmo*, 2021

WL 1026168, at \*5.  "This allegedly discriminatory conduct, transacting with sighted individuals

but not with visually impaired individuals, is what forms the basis of Plaintiff's claims against

Defendant." *Romero*, 580 F. Supp. 3d at 16.  As this Court has previously stated, such

allegations "create the 'articulable nexus or substantial relationship between the business

transaction and the claim asserted.'" *Guglielmo*, 2021 WL 1026168, at \*5 (quoting *Gucci Am.,

Inc. v. Weixing Li*, 135 F. Supp. 3d 87, 93 (S.D.N.Y. 2015)).

This Court thus concludes that the second prong of § 302(a)(1) is also met and the exercise of personal jurisdiction over Defendant is proper under New York's long-arm statute.

### C.     Due Process Under the United States Constitution

Personal jurisdiction over Defendant is also consistent with the Due Process Clause of the United States Constitution.  Due process necessitates "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted).  Due process "is satisfied without further inquiry by state long-arm statutes, like Section 302, that permit the exercise of jurisdiction in a narrower range of circumstances than the Due Process Clause." *Meirly*, 2019 WL 1375470, at *5; *see Mattel, Inc. v. www.fisher-price.online*, 2022 WL2801022, at *4 (S.D.N.Y. 2022) ("Because Section 302(a)(1) permits the exercise of personal jurisdiction in a narrower range of circumstances than the Due Process Clause, the Court's conclusion that it may exercise personal jurisdiction under Section 302(a)(1) over Defendant necessarily carries with it the further conclusion that the exercise of such jurisdiction comports with constitutional due process.").  Personal jurisdiction over the Defendant is therefore consistent with the Due Process Clause for the reasons already discussed.

## II.     Venue

The federal venue statute lays out three bases to establish venue:

1. "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

2. a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

3.  if there is no district in which an action may otherwise be brought as provided

in this section, any judicial district in which any defendant is subject to the

court's personal jurisdiction with respect to such action."

28 U.S.C. § 1391(b).  Because Defendant is not a resident of New York, § 1391(b)(2) is most

relevant here.

"[W]hen a plaintiff relies on § 1391(b)(2) to defeat a venue challenge, a two-part inquiry

is appropriate." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005).  "First,

a court should identify the nature of the claims and the acts or omissions that the plaintiff alleges

give rise to those claims." *Id.*  "Second, the court should determine whether a substantial part of

those acts or omissions occurred in the district where suit was filed." *Id.*  Multiple judicial

districts may be appropriate venues under this provision as long as a substantial part of the

underlying events took place in each. *See Lehrer v. J&M Monitoring, Inc.*, 2022 WL 2392441,

at *7 (S.D.N.Y. July 1, 2022).

Venue is proper in the Southern District of New York under § 1391(b)(2).  Plaintiff, who

resides in the Southern District of New York, alleges that she accessed and "attempted to utilize,

on a number of occasions" Defendant's Website from "within this Judicial District."  Dkt. No.

10.  Put differently, it was in this District that Plaintiff encountered and suffered the effects of

Defendant's allegedly unlawful discrimination.  Thus, according to these allegations, a

substantial part of the events that are the subject of this action occurred in this District.

This conclusion is in line with a number of other cases in this District.  In *Young v.

Metro. Learning Inst., Inc.*, 2023 WL 1928001 (S.D.N.Y. 2023), the court noted that "venue is

proper" in the Southern District of New York because "Plaintiff alleges that he accessed

Defendant's website from his computer while located within the Southern District," so "the

events giving rise to Plaintiff's claim occurred within the Southern District," *id.* at *2 n.2. The court came to the same conclusion in *Luis v. Medley, Inc.*, 2022 WL 1204617 (S.D.N.Y. 2022). There, a Plaintiff from the Eastern District of New York sued an Oregon company in the Southern District of New York, and the court transferred the case to the Eastern District of New York on the grounds that Plaintiff's "attempts to access Defendant[']s website [] occurred" in the Eastern District. *Id.* at *2; *see also Paguada v. Washington Music Sales Ctr., Inc.*, 2022 WL 268860, at *1 (S.D.N.Y. Jan. 28, 2022) (same and stating that "[t]ransferring this action would merely shift[ ] the inconvenience from one party to another and force a partially blind Plaintiff to litigate miles away from her chosen forum." (cleaned up)).

The out-of-Circuit opinion Defendant primarily relies on in favor of its argument does not compel a contrary conclusion. In *Knuttel v. Omaze, Inc.*, the district court held that the fact that only one of the three plaintiffs in the case visited the webpage in the Northern District of California was not sufficient to show that the Northern District "host[ed] a 'substantial part' of the events" which gave rise to their claims, where all other events took place in the Central District of California. 572 F. Supp. 3d 866, 870 (N.D. Cal. 2021) (citation omitted). In reaching its holding, however, the district court seemingly ignored that "Section 1381(b)(2) may be the basis for venue in multiple districts" and "Section 1391(b)(2) does not restrict venue to the district in which the 'most substantial' events or omissions giving rise to a claim occurred." *Kim v. Lee*, 576 F. Supp. 3d 14, 24 (S.D.N.Y. 2021), *aff'd*, No. 22-61, 2023 WL 2317248 (2d Cir. Mar. 2, 2023) (cleaned up); *see also Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1039 (N.D. Cal. 2020) (same). Thus, that the most substantial events may have taken place in the Central District of California does not necessarily mean that the Northern District of California was not an appropriate forum under § 1391(b)(2). *Knuttel* is also distinguishable from the Plaintiff's case

as the claims of at least two of the named plaintiffs in *Knuttel* had no connection to the Northern District of California. "'[V]enue must be proper . . . as to each party,' and '[t]he fact that a claim for some of the plaintiffs or against some of the defendants arose in a particular district does not make that district a proper venue for parties as to whom the claim arose somewhere else.'" *Stone #1 v. Annucci*, 2021 WL 4463033, at *13 (S.D.N.Y. Sept. 28, 2021) (quoting Wright & Miller, 14D Fed. Prac. & Proc. Juris. § 3807 (4th ed.)). Accordingly, the Northern District of California was plainly not an appropriate forum as to at least two of the named plaintiffs' claims.[2]

The Court thus finds venue proper in this District under § 1391(b)(2).

## CONCLUSION

The motion to dismiss is DENIED. The Clerk of Court is respectfully directed to close Dkt. No. 13.

SO ORDERED.

Dated: April 4, 2023
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

[2] This Court is also not convinced by Defendant's reliance on the Second Circuit's decision in *Harty v. W. Point Realty, Inc.*, 28 F.4th 435 (2d Cir. 2022). Dkt. No. 18 at 9–10. Defendant argues that because the Second Circuit recognized in that opinion that merely viewing an allegedly noncompliant website does not give a plaintiff standing to sue, any harm that Plaintiff claims to have suffered here "does not rise to a concrete harm pursuant to Article III and therefore there is no substantial 'harm' in New York that could support venue." *Id. Harty* addresses a different question than that presented here. That case involved a claim by a tester who visited defendant's website for the purposes of determining whether it was ADA-compliant and not with the intention of transacting business and the Second Circuit held that plaintiff had not alleged an injury of fact sufficient to support standing under *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2023). This case, on the other hand, involves a Plaintiff who alleges that she actually intends to purchase goods over the Website, has tried on numerous occasions in the past, and has been unable to due to the Website's noncompliance with the ADA, and the question is not standing but venue.